UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | 2:12-cv-0058-LDG-RJJ |
| Plaintiff, | **ORDER** |
| v. | |
| WILLIAMS BROTHERS, INC., et al., | |
| Defendants. | |

On February 15, 2012, the court heard arguments on defendant Williams Brothers, Inc., and Peek Construction Company's motion for mandatory and prohibitory preliminary injunctive relief against Travelers (#13) as it regards the remainder of auction proceeds retained by Ritchie Brothers and subject to distribution on February 17, 2012.[1]  Because of the exigency of the motion, and the lack of full development of the record at this point, the court will construe the relief being sought as a temporary restraining order, and make further preliminary injunctive relief contingent on the outcome of the merits of the remaining issues raised by defendants' motion.

---

[1] The remaining issues dealing with defendants' motion for injunctive relief have been scheduled for future supplemental briefing and oral arguments.

A party seeking preliminary injunctive relief must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of the equities tips in its favor, and (4) an injunction is in the public interest.  See Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The Ninth Circuit has also articulated an alternative formulation of the Winter test, under which "serious questions going to the merits, and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and the injunction is in the public interest." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

The thrust of defendants' argument that they be entitled to the remainder of the auction proceeds is that they should be allowed funding to work toward completion of the three identified projects, if possible, in an attempt to mitigate damages and foreclose their imminent business demise if the relief is not granted.  Given the rights and remedies possessed by Travelers pursuant to the general agreements of indemnity in this case, the court feels very constrained in diminishing assets over which Travelers has a perfected security interest.  Moreover, the Ninth Circuit has found that going out of business is not, in itself, irreparable injury, Dollar Rent A Car of Washington v. Travelers Indemnity Co., 774 F.2d 1211, 1213 (9th Cir. 1984), and defendants in this case have not established that such a circumstance would not be compensable in monetary damages.  However, in light of the immediacy of the pending distribution of the auction proceeds, a balancing of the equities, and in consideration of the amount of the security that will be required, the court will grant defendants recovery of the proceeds under the condition that the proceeds be used solely for work on the three identified incomplete projects, subject to the outcome of the further hearings on the preliminary injunction.  The court will order that defendants give security in the amount of $750,000 pursuant to Fed. R. Civ. P. 65( c) before release of the remaining auction proceeds.  Accordingly,

1 THE COURT HEREBY ORDERS that defendants' motion (#13), construed as a motion for temporary restraining order, is GRANTED to the extent that the proceeds from the identified auction which have not been paid to previous creditors other than Travelers Casualty and Surety Company of America, be disbursed up to the amount of $750,000 to defendants Williams Brothers, Inc., and Peek Construction Company solely for the purposes of continuing work on any or all of the three projects identified to the court in the February 15, 2012, hearing.

THE COURT FURTHER ORDERS that defendants Williams Brothers, Inc., and Peek Construction Company shall in combination or singly deposit a security in the amount of $750,000 with the court pursuant to Fed. R. Civ. P. 65( c) before disbursement of the remaining auction proceeds.

Dated this ___15___ day of February, 2012.

_____
Lloyd D. George
United States District Judge