# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

     Plaintiff,

v.

WILLIAMS BROTHER, INC., et al.,

     Defendants.

2:12-cv-0058-LDG-RJJ

**ORDER**

On April 13, 2012, plaintiff Travelers Casualty and Surety Company of America

("Travelers") filed an application for order to show cause why, among other things, it should not

be determined entitled to control and prosecute the affirmative claims on bonded projects, and

why a receiver should not be appointed for Williams Brother, Inc. ("Williams Brother"), and Peek

Construction Company ("Peek") (#65).  The court conducted hearings on May 23, 2012, and June

4, 2012, and indicated that it was not inclined to appoint a receiver at this time.  Regarding the

issue of control and prosecution of affirmative claims, the court has received supplemental

briefing from the parties (#98 and #102), and is prepared to rule.

     Travelers bonded the following projects:

     NDOT Contract 3377 with Peek Construction Company for work from junction of S.R.
     207 and Highway 50 to Summit of Daggett Pass, in Douglas County, NV.

NDOT contract 3407 with Peek Construction Company for the construction of an animal crossing bridge over US-93 at HD Summit, approximately 20 miles north of Wells, NV, in Elko County, NV.

Clark County Division of Airports project with Peek Construction Company for work at McCarran Airport.

Carson City N-S Water Transmission Main project with Peek Construction Company.

Defendants Peek and/or Williams Brother have filed affirmative claims against public entities in the following four separate state court lawsuits asserting a right to recovery money damages relating to the bonded projects: Peek Construction Company v. State of Nevada ex rel. Dept. of Transportation, Case No. 12 OC 00032 1B, First Judicial District, Carson City; Peek Construction Company v. City and County of Carson City, Case No. 11 OC 000352 1B, First Judicial District, Carson City; Peek Construction Company v. State of Nevada ex rel. Dept. of Transportation, Case No. 12 OC 00030 1B, First Judicial District, Carson City; and Williams Brother, Inc. v. Clark County, Case No. A-10-630397-C, Eighth Judicial District, Clark County, NV.  Each of the public entities involved has contested their liability.

The court finds that Travelers has the right to assert the affirmative claims against the public owners in the above-mentioned lawsuits.  Travelers has established that it has, and continues to incur, millions of dollars in losses connected to the bonds written to Peek and Williams Brother.  Many of these losses are being incurred on the very same bonded projects against whose owners  Peek and Williams Brother are bringing claims.

Under the terms of the General Agreements of Indemnity ("GAI"), Peek and Williams Brother agreed to, in the case of a default, to grant Travelers the right to "assert or prosecute any right or claim in the name of any Indemnitor and to settle an such right or claim as [Travelers] sees fit."  Furthermore, pursuant to the GAIs, Peek and Williams Brother agreed to "assign, convey and transfer to [Travelers] all of their rights, title and interests in Property," following a default.  "Property" is defined to include "any and all sums due or which may hereafter become due under any Contract or contract, and all damage claims and proceeds related thereto."  The

2

terms of these obligations are clear and unambiguous, and Travelers has shown that a condition of default has occurred.  Nevada law has long recognized the assignment of rights growing out of contracts pursuant to the terms of surety agreements.   See Continental Cas. Co. v. Farnow, 79 Nev. 428, 432, 386 P.2d 90, 92 (Nev. 1963).   In addition, Peek and Williams Brother granted Travelers a security interest in "any Contract or contract rights or rights to the payment of money." Travelers has submitted proof that it has  perfected its security to the affirmative claims, and under Nevada law, it has the right to possession and control over such collateral.

Courts have generally found valid assignment-of-rights clauses in indemnity agreements. See e.g., Hutton Construction Co. v. County of Rockland, 52 F.3d 1191, 1192 (2d Cir. 1995) (agreeing that unambiguous assignment clause in indemnity agreement gave surety "the authority to settle all claims on behalf of [the assigning contractor])"; Milwaukie Construction Co. v. Glens Falls Insurance Co., 367 F.2d 964 (9th Cir. 1966) (recognizing right to enforce collateral security agreements); Safeco Insurance Co. v. Lake Asphalt Paving & Constr., LLC, 2012 WL 234651, 3-4 (E.D. Mo. January 25, 2012) (assignment of claims and rights under indemnity agreement made assignee sole real party in interest entitled to assert contract claims).  The court finds no basis in law or equity to disregard the effect of such provisions in this matter.  Accordingly,

THE COURT HEREBY ORDERS AND DECLARES that plaintiff Travelers Casualty and Surety Company of America has ownership and superior rights to prosecute and settle current or future affirmative claims asserted by defendants Peek Construction Company or Williams Brother, Inc., related to any public construction project or work covered by the aforementioned General Agreements of Indemnity or pursuant to any perfected security interest in such affirmative claims.

Dated this ____ day of August, 2012.

_____
Lloyd D. George
United States District Judge

3