1
2
3
4
5      UNITED STATES DISTRICT COURT
6      DISTRICT OF NEVADA
7      * * *
8

9  TRAVELERS CASUALTY AND SURETY      )
   COMPANY OF AMERICA, a Connecticut  )
10 corporation,                        )
                                       )
11                                     )
           Plaintiff,                  )    2:12-cv-00058-LDG-RJJ
12                                     )
   vs.                                 )
13                                     )    **O R D E R**
   WILLIAMS BROTHER, INC, et al.,      )
14                                     )
           Defendants.                 )
15 _____ )

16   This matter came before the Court for a hearing on the Defendants' Motion for Order that
17 the Jury Demand is Timely (#134) and the Plaintiff's Motion to Strike the Jury Demand (#139). The
18 Court has considered the Defendants' Motion (#134), the Plaintiff's Response (#140), and the
19 Defendants' Reply (#146).  The Court has also considered the Plaintiff's Motion (#139), and the
20 Defendants' Response (#147), in addition to the arguments presented at the hearing.
21                                    **BACKGROUND**
22 **I.    Motion for Order that Jury Demand is Timely**
23   On October 8, 2012, the Defendants filed their Demand for Trial by Jury (#133). That same
24 day, they moved for an Order that the Jury Demand was timely (#134). The Defendants moved for
25 the Court Order because they anticipated that Travelers would move to strike the Demand for Jury
26 Trial.  Defendants' Motion for Order that Jury Demand is Timely (#134) at 2, lines 12-14.
27 According to the Defendants, the Jury Demand is timely because Traveler's Complaint sought "joint
28 and several" liability against all of the named Defendants and the Jury Demand was served before

1  Michael Williams, Josie Williams, Ashley Williams, and Maria Williams (Williams Defendants)
2  served their Answers.

3  **II.    Motion to Strike Jury Demand**

4  As anticipated, on October 10, 2012, Travelers filed a Motion to Strike the Jury Demand
5  (#139). The Motion to Strike also serves as Traveler's Response to the Defendants' Motion for an
6  Order that Jury Demand was Timely (#140). Travelers points out that although it is accurate that the
7  Williams Defendants have not yet filed an Answer, this is because the Williams Defendants settled
8  with Travelers on April 16, 2012. Thus, the Williams Defendants will never file an Answer.

9  **DISCUSSION**

10  Federal Rule of Civil Procedure 38(b) permits a party to demand a jury trial. FED. R. CIV.
11  P. 38(b). Such demand may be made by "(1) serving the other parties with a written demand–which
12  may be included in a pleading–no later than 14 days after the last pleading directed to the issue is
13  served; and (2) filing the demand in accordance with Rule 5(d)." FED. R. CIV. P. 38(b). "[I]f one
14  of the defendants files a counterclaim with its answer, and the counterclaim involves factual issues
15  common to the plaintiff's original claim," then the last pleading is either "the plaintiff's reply or the
16  last defendant's answer, whichever is later." *Bentler v. Bank of America Nat. Trust and Sav. Ass.,*
17  959 F.2d 138, 141, fn. 4, (9th Cir. 1992). "When defendants are jointly and severally liable for a
18  claim containing an issue on which there is a right to jury trial, the 'last pleading directed at such
19  issue' is the last pleading required to be filed as between the plaintiff and any of the jointly liable
20  defendants." *Bentler,* 959 F.2d at 140 (citation ommitted). A party waives the right to a jury trial if
21  the party fails to make a timely demand. *See, Bell v. Cameron Meadows Land Co.,* 669 F.2d 1278,
22  1285 (9th Cir. 1982).

23  In this case, the last pleading filed was Traveler's Answer to the Defendant's Counterclaim,
24  filed on February 28, 2012. Traveler's Answer to Counterclaim (#39). The Williams Defendants,
25  who also could have filed an Answer, settled with Travelers on April 16, 2012, instead of filing an
26  Answer. Therefore, they were not required to filed an answer. Additionally, the Williams Defendants
27  were voluntarily dismissed from this case on October 19, 2012. Notice of Voluntary Dismissal
28  (#138). Accordingly, the Williams Defendants will not be filing an Answer. The Jury Demand

1  (#133) was filed on October 8, 2012, 223 days after Traveler's Answer (#39), the last pleading filed
2  in this case, far exceeding the 14 days allowed for a jury demand.
3        However, the Defendants, relying on *Bentler*, argue that the Jury Demand was not late
4  because the last filed pleading would be the Williams Defendants' Answer, not Traveler's Answer,
5  because the Williams Defendants were jointly and severally liable. See *Bentler,* 959 F.2d at 140.
6  Therefore, according to the Defendants, because the Jury Demand was filed before the Williams
7  Defendants filed an Answer, it was filed 14 days before the last pleading.
8        The Defendants have misconstrued the holding in *Bentler*. In *Bentler*, both jointly and
9  severally liable defendants were active parties in the case when the plaintiff filed the jury demand.
10 *Id*. Additionally, one of the defendants filed an answer after the jury demand was filed. *Id*. That
11 defendant was then granted summary judgement. *Id*. The Court held that although the party that filed
12 the last pleading was no longer in the litigation, under Rule 38, it was still the date of that last
13 pleading that mattered. *Bentler,* 959 F.2d at 142, citing Fed.R.Civ.P. 38(a). The Court held that "the
14 status of a pleading under Rule 38 must be determined on the date it is served, not at a later time
15 based on subsequent events unknown and unknowable to the parties." Bentler, 959 F.2d at 141-142,
16 citing Fed.R.Civ.P. 38(a).
17       Here, the Williams Defendants had settled the case months before the Defendants' filed their
18 Jury Demand. Thus, the Defendants knew or should have known that no Answer would be filed.
19 This is distinguishable from *Bentler* where the plaintiff filed the jury demand when both defendants
20 were still active in the case and before one of the defendants was granted summary judgment. See
21 *Bentler*, 959 F.2d at 141-142. Further, in *Bentler*, the party who moved for, and was granted,
22 summary judgment, had to file an answer. *Id*. Here, the Williams Defendants settled and did not have
23 to file an Answer. There were no "subsequent events unknown and unknowable to the parties." See
24 *Id*. Rather, as of the date the Jury Demand was served, the Williams Defendants had been
25 disconnected from the case for months. Thus, the last filed pleading was Traveler's Answer filed
26 on February 28, 2012. See Traveler's Answer to Counterclaim (#39). The Jury Demand was filed
27 October 8, 2012, which was significantly more than 14 days after the Traveler's Answer (#39), and
28 therefore it was untimely. Finally, the Court does not accept the Defendants' argument that because

the Williams Brothers could have filed an Answer, the Defendants could have filed their Jury Demand at any time. This would undermine the purpose of FED. R. CIV. P. 38(b). Accordingly, the Jury Demand is too late and should be stricken.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant's Motion for Order that Jury Demand is Timely (#134) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Jury Demand (#139) is **GRANTED**.

DATED this  26th  day of December, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge