# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

          Plaintiff(s),

vs.

WILLIAMS BROTHER, INC., et al.,

          Defendant(s).

Case No. 2:12-cv-0058-LDG-NJK

ORDER DENYING MOTION TO COMPEL AND MOTION TO GRANT AS UNOPPOSED
(Docket No. 185, 200)

      Pending before the Court is Plaintiff's motion to compel discovery of Defendants Michael Peek's and Brenda Compton Peek's tax returns, filed on February 13, 2013. Docket No. 185. A response was due 14 days thereafter, *see* Local Rule 7-2(b), but has not been filed to date. The failure to timely oppose a motion can constitute grounds for granting it, *see* Local Rule 7-2(d), but the Court finds the motion to have a threshold defect that requires that it be **DENIED** without prejudice as discussed more fully below.[1]

      The Court's initial inquiry regarding a discovery motion is whether the movant made adequate meet and confer efforts. Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

      Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully

---

[1] Plaintiff also filed a motion seeking an order granting their motion to compel as unopposed. *See* Docket No. 200. For the reasons discussed herein, that motion is **DENIED**.

discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and *specifically* convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added).

The pending motion is accompanied by a declaration referring to the meet and confer efforts discussed in the declaration filed previously at Docket No. 169. *See* Brophy Decl. at ¶ 3. That declaration indicates that Plaintiff's meet and confer efforts "were unsuccessful" and provides no additional details about the meet and confer. *See* Rubacha Decl. at ¶ 5. The declaration does refer to an attached email, which begins with Ed Rubacha stating: "Please consider this my attempt to comply with the personal consultation requirements of Local Rule 26-7." Rubacha Decl. Exh. B. The sending of an email regarding the discovery is insufficient to satisfy Local Rule 26-7. *See, e.g., ShuffleMaster*, 170 F.R.D. at 172. No other discussion of the meet and confer efforts is provided. As such, Plaintiff has failed to demonstrate the "personal consultation and sincere effort" to resolve this matter required by Local Rule 26-7(b).

Accordingly, the Motion to Compel is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: March 13, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge