UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | 2:12-cv-0058-LDG-RJJ |
| Plaintiff, | **ORDER** |
| v. | |
| WILLIAMS BROTHER, INC., et al., | |
| Defendants. | |

Plaintiff Travelers Casualty and Surety Company of America has filed a motion for judgment on the pleadings on defendants' fourth claim for relief in their counterclaim and to dismiss defendants' fifth claim for relief in their counterclaim for lack of subject matter jurisdiction (#105, response #107, reply #108). In their response to plaintiff's motions, defendants withdraw the fourth claim for relief in their counterclaim, leaving only the issue of the court's subject matter jurisdiction over the counterclaim's fifth claim of relief to be decided.

The fifth claim for relief in defendants' counterclaim alleges that Travelers has violated NRS Title 52, Chapter 598 by engaging in deceptive trade practices. In Nevada, an insurance company's trade practices are governed by the Nevada Insurance Code, NRS Title 57, and the Nevada insurance commissioner has exclusive jurisdiction over its violations pursuant to NRS 686A.015(1). See Baldonado v. Wynn Las Vegas, LLC, 194 P.3d 96, 104 n. 32 (Nev. 2008).

Accordingly, the court would only have subject matter jurisdiction over defendants' fifth cause of action in their counterclaim if Travelers was not an insurer under Nevada law. Defendants argue that Travelers has admitted that it is a surety, and not an insurer. They claim too much, however. Travelers is a surety, but the Nevada Insurance Code defines an insurer as "every person engaged as principal and as indemnitor, surety or contractor in the business of entering into contracts of insurance." NRS 679A.100. Simply put, the fact that Travelers did not issue insurance policies on defendants' behalf, but rather issued surety bonds, does not exclude them from being in the business of insurance pursuant to NRS 686A.015(1). Nor is Nevada's Deceptive Trade Practices Act an exception to the Nevada Insurance Commissioner's exclusive jurisdiction. Accordingly,

THE COURT HEREBY ORDERS that Travelers' motion to dismiss defendant's fifth claim for relief in their counterclaim (#105) is GRANTED.

THE COURT FURTHER ORDERS that Travelers' motion for sanctions for contempt for failure and refusal to comply with document production order dated February 17, 2012 (#60), and motion for order to show cause (#65) are DENIED as moot.

Dated this 27 day of March, 2013.

_____
Lloyd D. George
United States District Judge