**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WILLIAMS BROTHER, INC., et al.,<br><br>　　　　　Defendants. | Case No. 2:12-cv-00058-LDG-NJK<br><br>REPORT AND RECOMMENDATION OF ENTRY OF DEFAULT JUDGMENT AGAINST CORPORATE DEFENDANTS |

　　　This matter comes to the Court on the failure of Defendants Williams Brother, Inc., Peek Construction Company, ECCL Holdings, LLC, and BLC Nevada Trust dated April 20, 2006 ("Corporate Defendants") to retain counsel. For the reasons stated below, the Court recommends that default judgment be entered against the Corporate Defendants.

　　　On February 25, 2013, the Court entered an order granting the motion to withdraw by the Corporate Defendants' attorney. Docket No. 192. As part of that order, the Court instructed Corporate Defendants to retain counsel:

> Corporations may appear in federal court only through licensed counsel. *U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Accordingly, Williams Brother, Inc., Peek Construction Company, ECCL Holdings, LLC, and BLC Nevada Trust dated April 20, 2006 shall retain counsel and file with the Court no later than March 11, 2013 a notice of appearance of the newly-retained counsel.

*Id.* at 1-2.

　　　Notwithstanding that order, Corporate Defendants failed to file a notice of appearance by newly-retained counsel by March 11, 2013. As a result, on March 13, 2013, the Court ordered

1 Corporate Defendants to show cause in writing why they should not be sanctioned and/or why the Court should not recommend that default judgment be entered against them. Docket No. 203. The Court expressly warned Corporate Defendants that failure to respond to the order to show cause would result in the Court recommending that default judgment be entered against them. *Id.* The Court required a response to the order to show cause by March 26, 2013. *Id.*

To date, the Court has not received a notice of appearance by an attorney on Corporate Defendants' behalf nor a response to the order to show cause nor a request to extend the time to do either. Corporate Defendants' willful failure to comply with the Court's Orders and to retain counsel is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's Orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because Corporate Defendants have willfully refused to comply with Court Orders and to obtain counsel so that they may continue to participate in this case. Indeed, the Ninth Circuit has held that default judgment is an appropriate sanction for a corporation's failure to retain counsel for the duration of the litigation. *United States v. High Country Broadcasting*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Accordingly, in light of the circumstances outlined above, the Court recommends that default judgment be entered against Defendants Williams Brother, Inc., Peek Construction Company, ECCL Holdings, LLC, and BLC Nevada Trust dated April 20, 2006.

## **NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's

//

//

order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: April 3, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge