UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>WILLIAMS BROTHER, INC., et al.,<br><br>  Defendants. | 2:12-cv-0058-LDG-RJJ<br><br>**ORDER** |

This matter comes before the court on defendants' Peek Construction Company, ECCL Holdings, LLC, and BLC Nevada Trust dated April 20, 2006's (the "corporate defendants") emergency motion to set aside default judgment and judgment dismissing counterclaim (#248, response #253, reply #260).

Background

In January 2012, Travelers Casualty and Surety Company of America ("Travelers") filed its complaint with allegations including breach of contract, specific performance, quia timet, and claim and delivery. All individual and corporate defendants filed their answer. Defendant Peek Construction Company also asserted counterclaims against Travelers for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of NRS 338, violation of

unfair claims practices act, violation of consumer practices act, intentional interference with contractual relations, and declaratory relief. Travelers answered the counterclaims.

On January 29, 2013, defendants' counsel Pengilly Robbins Slater filed its emergency motion to withdraw as counsel of record based on defendants' nonpayment of fees and lack of communication with counsel. On February 7, 2013, Michael Peek filed an opposition to the motion to withdraw, claiming that he "simply [did] not have sufficient assets left to either pay the Pengilly firm what it is asking, or to find substitute counsel to take over a case . . .". On February 8, 2013, the magistrate judge held a hearing, on counsel's motion to withdraw, which defendants Michael and Brenda Peek attended, but continued it to February 22, 2013, in order to hear the motion with all defendants present. The corporate defendants did not appear for the February 22, 2013, hearing.

On February 25, 2013, the magistrate judge granted defendants' counsel's motion to withdraw. The magistrate judge further instructed that corporations may appear in federal court only through licensed counsel, and ordered that the corporate defendants "shall retain counsel and file with the Court no later than March 11, 2013 a notice of appearance of the newly-retained counsel." The corporate defendants failed to comply with the magistrate judge's order.

On March 13, 2013, the magistrate judge issued an order "to show cause in writing, no later than March 26, 2013, why [the corporate defendants] should not be sanctioned and/or why the Court should not recommend that default judgment be entered against them. If Corporate Defendants fail to respond to this order, the Court will recommend that default judgment be entered against them." Once again, the corporate defendants failed to comply with the order to show cause.

On April 2, 2013, Travelers filed its motion to dismiss the counterclaim asserted by the corporate defendants, arguing that the corporate defendants had failed to comply with the magistrate judge's orders, and that default judgment should be entered against the corporate

defendants in accord with the magistrate judge's order to show cause.  On April 3, 2013, the magistrate judge filed her report and recommendation of entry of default judgment against the corporate defendants.  On April 22, 2013, the magistrate judge filed her report and recommendation to grant the motion to dismiss the counterclaim brought by Peek Construction Company.  The corporate defendants did not file objections to the report and recommendations.

On June 7, 2013, this court issued its order adopting the magistrate judge's report and recommendations that default judgment be entered against the corporate defendants and that Traveler's motion to dismiss Peek Construction Company's counterclaims be granted.  On June 18, 2013, the court issued the default judgment against the corporate defendants, and the judgment of dismissal of Peek Construction's counterclaim.

Analysis

At the start, the court emphasizes that, given the circumstances involving the nonappearances and noncompliance of the corporate defendants, the magistrate judge handled this matter in a commendable manner, and her analyses and recommendations were well-grounded. Under a motion for relief from judgment, however, the case now takes on a different posture.

In considering a motion to set aside a default judgment under Fed. R. Civ. P. 60(b), three factors should be evaluated: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. Falk v. Allen, 739 F.3d 461, 463 (9th Cir. 1984).  In taking these factors into account, the court is sensitive to the principle that default judgments are generally disfavored, so courts should attempt to resolve motions for default judgment to encourage a decision on the merits.  See McMillen v. J.C. Penney Co., 205 F.R.D. 557, 558 (D. Nev. 2002) (citing TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001); see also United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) ("Crucially, however, 'judgment by default

is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" (citing Falk, 739 F.2d at 463)).

### A. Culpable Conduct

The parties dispute whether the default judgment was granted based on the corporate defendants' failure to abide by the orders to appear and show cause by the magistrate judge, or inaction by the corporate defendants because they could not proceed for lack of funds to retain a lawyer. In any event, the corporate defendants were at fault for not making an appearance, even if limited, in compliance with the court's orders, to explain their circumstances on the record. The question remains whether they should now be relieved of the consequences of their conduct.

The court is instructed by the Ninth Circuit's approach in reviewing the denial of a motion to set aside a default and entering a default judgment in Signed Personal Check No. 730: "We have "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberative, willful, or bad faith failure to respond." Id. at 1092. The court is also mindful that "[w]hile the same test applies for motions seeking relief from default judgment under both Rule 55( c) and Rule 60(b), the test is more liberally applied in the Rule 55( c) context. This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend." Id. a1091 n. 1 (citations omitted).

Here, while the corporate defendants' failure to appear was apparently deliberate, the Peeks asserted in their opposition to their counsel's motion to withdraw that they had inadequate resources to hire counsel for their individual representations. That assertion bears some credibility, as they subsequently notified the court that they would be proceeding pro se. During the sequence of non-appearances of the corporate defendants, there was no effort by the Peeks to document the financial status of those defendants. On the other hand, the court observes that the defendants were correctly advised by the magistrate judge at the time of defendants' counsel's

4

withdrawal that corporations may appear in federal court only through licensed counsel. If the Peeks as principals of the corporate defendants had taken this requirement literally, yet not had the funds to retain counsel for the corporate defendants, they may have seemed to face a catch-22 of sorts. While such an incompatible position is no excuse for failing to make a limited appearance or otherwise inform the court of the corporate defendants' circumstances, the court takes this into account in considering the corporate defendants' culpability, especially in light of the fact that the Peeks were not represented at the time the corporate defendants were required to retain counsel and show cause.

The court also considers whether the Peeks or the corporate defendants failed to comply with the magistrate judge's orders in bad faith, "such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" Id. at 1092 (citations omitted). This inquiry takes the court to the defendants' apparent track record of alienating assets during the pendency of Travelers' motions before this court to determine the control of those very assets. However, the record does not directly indicate that the corporate defendants' noncompliance with the court's orders was another attempt to manipulate the legal process or take advantage of an opposing party. "The only outcome that such a failure could have earned [the corporate defendants] was what [they] received: a default [judgment] and a heightened possibility of the loss of [their] property." Id. at 1093 (alterations by the court).

Finally, the court recognizes that, according to the affidavits in support of the motion to set aside default judgment, Michael Peek made two unsuccessful attempts to retain counsel before raising enough money to retain his current counsel. Also, before retaining their current counsel, the Peeks filed their election to proceed pro se, and filed documents under that status. Under such circumstances, the court does not find the corporate defendants' level of culpability preclusive of relief from judgment.

B.  Meritorious Defenses

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense. Id. at 1094 (citations omitted).

The defenses presented by the corporate defendants–Travelers' unauthorized payment of subcontractors; breach of the implied covenant of good faith and fair dealing; and the inapplicability of the indemnitee agreement to the trust agreement–give the court considerable pause. However, given the low hurdle that a party must meet to enumerate a defense or claim in this context, and the fact that the resolution of legal issues regarding the possible investigatory duties imposed on a surety by Nevada law "would be the subject of the later litigation," id., the court does not find the meritorious defense factor to impede the setting aside of the judgment.

C.  Prejudice

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." Id. at 1095. Here, Travelers points to the defendants' past conduct regarding its alleged liquidation and concealing of assets and loss of information while defendants were either under contractual obligation to preserve them, or aware of pending motions for the court to determine their disposition. That being as it may, the court takes note that the Peeks, as indemnitor defendants, are currently under a temporary restraining order freezing their assets pending determination of Travelers' motion for preliminary injunction,[1] which will address

---

[1] The parties raise whether the temporary restraining order has now been converted to a preliminary injunction. The parties consented to the continuation of the preliminary injunction hearing for further briefing. After the defaulted defendants filed their motion to set aside default judgment, the court ordered the preliminary injunction hearing rescheduled until after a determination on the motion to set aside. The parties did not object to the continuation of the preliminary injunction for that purpose. Accordingly, because a preliminary injunction has not been conducted, and because the temporary restraining order was noticed, the court considers the temporary restraining order to

Travelers' likelihood of success on the merits on defendants' defenses, counterclaims, and asserted misconduct in alienating or concealing assets.

The court also takes into account that the motion to set aside the default judgment was filed less than a month from the entry of the judgment. Under these circumstances, the court concludes that Travelers will not be prejudiced by granting the relief requested.[2]

Conclusion

The court will grant the corporate defendants' motion to set aside the default judgment and judgment of dismissal. This matter will proceed to hearing and consideration of Travelers' motion for preliminary injunction of asset freeze. Furthermore, as a matter of docket management, the court will deny Travelers' pending motion for partial summary judgment for specific performance of collateral security clause without prejudice to its reinstatement immediately following the determination on the preliminary injunction of asset freeze. Accordingly,

THE COURT HEREBY ORDERS that defendants' Peek Construction Company, ECCL Holdings, LLC, and BLC Nevada Trust dated April 20, 2006's emergency motion to set aside default judgment and judgment dismissing counterclaim (#248) is GRANTED effective September 9, 2013.

THE COURT FURTHER ORDERS that Travelers shall have, if it chooses to do so, until September 3, 2013, to move to expand the temporary restraining order to include Peek

---

remain in effect pending the hearing and determination of the preliminary injunction. Defendants have filed an emergency temporary restraining order objecting to the issuance of the temporary restraining order without a bond, and without defendants having had an opportunity to review the proposed order. While defendants have indicated that their damages could be significant during the period of the temporary restraining order, there is a lack of specifics in that regard. If defendants wish the court to consider imposing a bond before the preliminary injunction hearing to be scheduled, they may supplement their emergency motion for temporary restraining order and document the degree of expected damages, or request the court to impose a nominal bond. Otherwise, the matter of the amount of the bond will be taken up at the preliminary injunction hearing.

[2] The court's determination on prejudice is based in part on the temporary injunctive relief currently in place as to the Peeks, and the court will permit Travelers to request an expansion of that relief to include the corporate defendants before this order takes effect.

7

1  Construction Company, ECCL Holdings, LLC, and BLC Nevada Trust dated April 20, 2006, as of
2  the effective date of the order to set aside.  If it does so file, Travelers should also provide a
3  proposed temporary restraining order expanding the injunction relief to the corporate defendants.

4  THE COURT FURTHER ORDERS that a hearing on Travelers' preliminary injunction of
5  asset freeze (#225) shall be conducted on the Thursday, the 12th day of September, 2013, at
6  10:00 a.m., before this court, in courtroom 6B.

7  THE COURT FURTHER ORDERS that Travelers' pending motion for partial summary
8  judgment of specific performance of the collateral security clause (#122) is DENIED without
9  prejudice to its reinstatement immediately following the court's determination of the preliminary
10 injunction of asset freeze.

12 Dated this 26 day of August, 2013.

_____
Lloyd D. George
United States District Judge