UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | 2:12-cv-0058-LDG-RJJ |
| Plaintiff, | **ORDER and ORDER TO SHOW CAUSE** |
| v. | |
| WILLIAMS BROTHER, INC., et al., | |
| Defendants. | |

The court hereby addresses the following matters:

I.  Defendants' counsel's requests for attorney's fees

Hutchison and Steffen, LLC ("defendants' counsel"), undertook representation of defendants Peek Construction Company, Brenda Compton Peek, Michael L. Peek, ECCL Holdings, LLC, BLC Nevada Trust dated April 30, 2006, and Williams Brother, Inc., (hereinafter "the Peeks") after prior counsel for defendants withdrew for nonpayment of fees. On October 4, 2013, the court issued its order (#296), and on October 21, 2013, its preliminary injunction (#304) freezing defendants' assets except for court-approved living expenses. Defendants' counsel has sought court approval for payment of fees arguing, in part, that the corporate defendants are required to be represented by counsel before the court. While corporations cannot proceed pro se

in court, neither do they have a Sixth Amendment right to counsel in a civil case. See Rowland v. California Men's Colony, 506 U.S. 194, 206 (1993) (holding that appointment of counsel permitted for a litigant proceeding in forma pauperis does not apply to "artificial entities.").

Furthermore,

> [T]he Ninth Circuit has also unequivocally stated that a "district court may, within its discretion, forbid or limit payment of attorney fees out of frozen assets," so long as that discretion is "exercised by the district court in light of the fact that wrongdoing is not yet proved when the application for attorney's fees is made."

Data Tech Enters. LLC, v. FF Magnat Ltd., No. C 12-04500 CRB, 2013 WL 1007360 (N.D. Cal. March 13, 2013) (citing CFTC v. Nobel Metals Int'l, 67 F.3d 766, 775 (9th Cir 1995)). Here, liability or wrongdoing has not been determined on the merits. However, in its order on preliminary injunction, the court made clear that the freezing of defendants' assets was, in part, based on Travelers' showing of "a pattern by the Peek defendants of transferring collateral and concealing or dissipating proceeds, or attempting to do so," and "significant evidence . . . that CP Enterprises, Bays, Gibbs Trucking, and H-Town, were used as vehicles to transfer, conceal and dissipate assets which would be the subject of Traveler's collateralization and indemnity claims." Id. at 14, 19. It is CP Enterprises from which defendants have sought approval for payment of counsel fees out of an alleged loan repayment. Under these circumstances, the court finds it ill-advised to consider defendants' counsel's requests for attorney's fees until after a determination of the merits of this litigation. This ruling is made without prejudice to defendants' counsel's filing of a motion for attorney's fees at that time.

II.     Defendants' counsel's motion to withdraw (#369)

Defendants' counsel has filed a motion to withdraw as counsel for nonpayment of attorney's fees. The court will grant defendants' counsel's motion, but only after counsel's appearance at the hearing on Travelers' motion to show cause why defendants should not be held in contempt for violation of the court preliminary injunction. The court finds defendants'

counsel's appearance necessary based on the proximity of the hearing, and the fact that defendants' alleged contemptuous actions occurred during counsel's representation.[1]

III.     Travelers' motion for order to show cause (#374)

Travelers has made a clear and convincing showing that defendants have violated the preliminary injunction.  See Stone v. City & County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).  Defendants must now show cause why they should not be held in contempt of court.  The show cause hearing will be scheduled to replace the evidentiary hearing currently scheduled to begin April 10, 2014.  The evidentiary hearing will be vacated.

THE COURT HEREBY ORDERS that defendants' counsel's requests for attorney's fees are DENIED without prejudice to the filing of a motion after a determination of the merits of this litigation.

THE COURT FURTHER ORDERS that defendants' counsel's motion to withdraw (#369) is GRANTED, to take effect after the show cause hearing scheduled by this order.  The individual defendants shall notify the court in writing on or before April 7, 2014, whether they will be represented by new counsel or proceed pro se after current counsel's withdrawal.  Likewise, the corporate defendants shall notify the court in writing on or before April 7, 2014, whether they will be represented by counsel after current counsel's withdrawal.[2]

THE COURT FURTHER ORDERS that Travelers' motion for order to show cause (#374) is GRANTED.  Defendants' are hereby ORDERED to show cause before this court on April 10, 2014, at 9:00 am, why they should not be held in contempt for violation of the court's preliminary injunction.  That hearing will also address pending requests for defendants' living expenses.

---

[1] Although counsel has apparently denied knowledge of it.

[2] In view of the dispositive motions that are fully briefed and pending, the possible inability of the corporate defendants to retain counsel in view of the conditions imposed by the court herein will not necessarily prevent the court from reaching the merits.

THE COURT FURTHER ORDERS that the evidentiary hearing scheduled for April 10-11, 2014, is hereby VACATED.

THE COURT FURTHER ORDERS that, based on the briefs and arguments before the court, defendant Williams Brother, Inc.'s, motion to set aside default judgment and dismissing counterclaim (#276) is DENIED.

THE COURT FURTHER ORDERS that Travelers' motion to direct the clerk to issue certification of judgment against Williams Brother, Inc., (#266) is GRANTED.

THE COURT FURTHER ORDERS that defendants' motion for temporary restraining order (#265) is DENIED as moot.

Dated this 31 day of March, 2014.

_____
Lloyd D. George
United States District Judge

4