**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | 2:12-cv-0058-LDG-RJJ |
| Plaintiff, | ORDER |
| v. | |
| WILLIAMS BROTHER, INC., et al., | |
| Defendants. | |

The court issues this order to address what the corporate defendants and non-party entities subject to the preliminary injunction claim is a dilemma in that they are required to appear in federal court represented by counsel, yet do not have the means to retain counsel since their assets are frozen under the preliminary injunction. This matter arose anew in the show-cause hearing conducted on April 10, 2014.

The Ninth Circuit has been consistent in affirming the general rule that a corporation may appear only through an attorney. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989). However, the Taylor court appeared, at least, to recognize the narrow exception to the general rule whereby a corporation with insufficient funds to retain counsel may appear without legal representation if the principals of the corporation are also parties to the action. Id. (dictum). In this case, in view of the court's findings that Travelers has presented significant alter ego evidence, and that the corporations are closely held or controlled by the Peeks, the court is willing to allow the defendant and non-party corporations to proceed without legal representation under the following conditions: (1) all principals, owners, officers, or those authorized to act on behalf of the subject corporation, including the Peeks, agree in writing filed with the court that Michael Peek may represent its interests, and (2) that all principals, owners, officers, or those authorized to

act on behalf of the subject corporation are present in court during scheduled proceedings.  See Phoenix Mut. Life Ins. Co. v. Radcliffe On Delaware, Inc., 439 Pa. 159, 166-67, 266 A.2d 689, 701-702 (Pa. 1970).  If these conditions cannot be met, the court will proceed without representation of the subject corporations, and consider possible default or sanctions.

SO ORDERED.

Dated this 10 day of April, 2014.

_____
Lloyd D. George
United States District Judge