UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | 2:12-cv-0058-LDG-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| WILLIAMS BROTHER, INC., et al., | |
| Defendants. | |

On April 30, 2014, the court entered its order re: contempt and in furtherance of the preliminary injunction (#305). The court now addresses issues concerning defendants' budget requests and accountings and defendants' application to approve release of funds to pay attorney's fees and expenses. During the show cause hearing on April 10, 2014, defendants requested that their pending living expenses for January, February, March and April be approved,

As pointed out by Travelers' counsel at the show cause hearing and in previous objections, defendants' budgets and accountings for the months in question have failed to meet the requirements of the preliminary injunction in a basic respect–they do not specifically identify

where the income to meet the living expenses would be received or have been received.[1] Furthermore, the requests for expenditures made by the Peeks have included the operating expenses of CP Enterprises, Inc., which are inappropriately combined with the living expenses. At this point, the court will order the Peeks to file supplements to the expenditure requests for January, February, March and April 2014 identifying any source of income to be used or actually used to meet expenditures through that time period. The court will then consider whether the payment of living expenses through those months should be granted.[2] Future budget requests must also identify precisely any sources of income to be received.

Further, the court will not consider operating expenses for CP Enterprises, Inc., or other enjoined entities to be included in the living expense budget requests set out in the preliminary injunction. These entities may separately petition the court for such operating expenses, but only if the sources of income for such expenses to be used or actually used have been identified.

Finally, defendants' application to approve release of funds to pay attorney's fees and expenses (#389) will be denied. Most, if not all, of the dispositive issues and motions in this action have been briefed, and await disposition. The court will schedule oral arguments on those matters in the near future. Morever, as Mr. Peek demonstrated when he previously proceeded pro se, he is capable of understanding the case, and of representing the interests of the corporate entities involved in the litigation, as the court authorized in its order dated April 19, 2014. Accordingly,

---

[1] The parties do not dispute that for the months in question, the Peeks have received income from some source.

[2] The court notes that on May 2, 2014, $74,949.41 from the proceeds of the sale of the property located at 150 S. Solitude Trail, Duck Creek Village, Utah, were deposited in the registry of the court following the court's determination regarding the sale's violation of the preliminary injunction, and order re: contempt. While these funds may be available for living expenses, defendants must satisfy the requirement of identifying sources of income for months preceding the sale before the court will consider whether the funds should be applied to them.

THE COURT HEREBY ORDERS that within 20 days of the date of this order, the Peeks shall file supplements to the expenditure requests for January, February, March and April 2014 identifying any source of income to be used or actually used to meet expenditures during those months.

THE COURT FURTHER ORDERS that any expenses for CP Enterprises, Inc., or other enjoined entities shall not be included in the Peeks' living expense budget requests. Rather, as set forth in the preliminary injunction, these entities may separately petition the court for expenses, but only if the sources of income for such expenses to be used or actually used have been identified.

THE COURT FURTHER ORDERS that defendants' application to approve release of funds to pay attorney's fees and expenses (#389) is DENIED.

Dated this ____ day of May, 2014.

_____
Lloyd D. George
United States District Judge