UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAMS BROTHER, INC., et al.,<br><br>    Defendants. | 2:12-cv-0058-LDG-NJK<br><br>ORDER and ORDER TO SHOW CAUSE |

The court hereby addresses the following matters:

I. <u>Travelers' motion for summary judgment (#289, response #302, rep0ly #306) and Defendant Peek Construction Company's motion to strike travelers' motion for summary judgment (#295, response #300, reply #306)</u>

Peek Construction Company ("Peek") contends in its motion to strike Traveler's motion for summary judgment that Travelers filed the motion after the dispositive motion deadline 30 days following the discovery cutoff. The discovery deadline set by Magistrate Judge Johnston was, at the latest, February 28, 2013, making the dispositive motion deadline March 30, 2013, under Local Rule 26-1(e)(4). Travelers filed its motion for summary judgment on September 24, 2013.

1    Travelers argues that on March 30, 2013, Peek was effectively out of the case.  It was not
2 represented by counsel; it had failed to respond to Travelers' discovery requests or to meet and
3 confer on discovery; it had failed to appear for a scheduled deposition; it had failed to appear for a
4 hearing before the court; and it had failed to obey several court orders.  Still, all of these
5 circumstances would not have dissolved the dispositive motion deadline, and no party moved to
6 continue or clarify the deadline.  The court will grant Peek's motion to strike Travelers' motion for
7 summary judgment.

    Nonetheless, it appears that Peek failed to respond to the written discovery propounded by
Travelers by the deadline of February 25, 2013.  That is also the day on which the court granted
Peek's counsel's motion to withdraw.  The grant of counsel's motion to withdraw, therefore, did
not affect Peek's failed obligation to respond to the written discovery.  In this instance, the court is
inclined to exclude from trial any evidence that would have been responsive to the written
discovery requests.  However, this issue should be raised in a motion in limine; such a motion may
be filed at any time.

II.    Travelers' Motion for Orders to Show Cause (#406)

    Also before the court is Traveler's motion for an order to show cause, filed on June 4,
2014, (1) why corporate defendants Peek Construction Company ("Peek"), ECCL Holdings, LLC,
and BLC Nevada Trust dated April 20, 2006 (the "corporate defendants"), should not have a
default judgment entered against them dismissing the counterclaim pending by Peek against
Travelers, and granting judgment in favor of Travelers on its indemnity complaint, and (2) why
defendants Michael and Brenda Peek, and CP Enterprises, should not be held in contempt for their
failure to obey the court's order to provide supplemental budgets and accountings for January-
April and the failure to provide a budget for May.

    On April 10, 2014, rather than defaulting the corporate defendants for failure to appear in
this action represented by counsel, the court provided that:

The court is willing to allow the defendant and non-party corporations to proceed without legal representation under the following conditions: (1) all principals, owners, officers, or those authorized to act on behalf of the subject corporation, including the Peeks, agree in writing filed with the court that Michael Peek may represent its interests, and (2) that all principals, owners, officers, or those authorized to act on behalf of the subject corporation are present in court during scheduled proceedings. If these conditions cannot be met, the court will proceed without representation of the subject corporations, and consider possible default or sanctions.

As of this date, no authorizations have been filed with the court. The court will grant the motion for an order to show cause. Good cause appearing, the court will also grant the motion for an order to show cause why the Peeks should not be held in contempt for their failure to obey the court's order to provide supplemental budgets and accountings for January-April.

THE COURT HEREBY ORDERS that defendant Peek Construction Company's motion to strike travelers' motion for summary judgment (#295) is GRANTED.

THE COURT FURTHER ORDERS that Travelers' motion for orders to show cause (#406) is GRANTED.

Dated this ___ day of September, 2014.

_____
Lloyd D. George
United States District Judge

3