ELAN S. MIZRAHI, ESQ.
Nevada Bar No. 7450
E-mail: esm@jhc-law.com
CHAD L. SCHEXNAYDER, ESQ. (*Pro Hac Vice*)
E-mail: cls@jhc-law.com
EDWARD RUBACHA, ESQ. (*Pro Hac Vice*)
E-mail: er@jhc-law.com
JOSEPH A. BROPHY, ESQ. (*Pro Hac Vice*)
E-mail: jab@jhc-law.com
**JENNINGS, HAUG & CUNNINGHAM, L.L.P.**
2800 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-1049
Telephone:   602-234-7800
Facsimile:     602-277-5595
Court Documents: docket@jhc-law.com

GEORGE E. ROBINSON, ESQ.
Nevada Bar No. 9667
**PEZZILLO LLOYD**
6725 Via Austi Parkway, Suite 290
Las Vegas, Nevada 89119
Telephone:   702-233-4225
Facsimile:     702-233-4252
E-mail:  grobinson@pezzillolloyd.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>                    Plaintiff,<br>vs.<br><br>WILLIAMS BROTHER, INC., a Nevada corporation; PEEK CONSTRUCTION COMPANY, a Nevada corporation; MICHAEL WILLIAMS, an individual; JOSIE WILLIAMS, an individual; ASHLEY WILLIAMS, an individual; MARIA WILLIAMS, an individual; MARK GUBLER, an individual; DAWNA GUBLER, an individual; DARIN GUBLER, an individual; and KAREN GUBLER, an individual; BRENDA COMPTON PEEK, an individual; MICHAEL L. PEEK, an individual; ECCL HOLDINGS, LLC, a Nevada limited liability company; BLC NEVADA TRUST DATED APRIL 20, 2006, a Nevada Trust,<br><br>                    Defendants. | Case No.: 2:12-CV-00058-LDG -NJK<br><br>**ORDER RE:<br>CONTEMPT,<br>ENTRY OF JUDGMENTS and<br>SETTING TRIAL** |

| | |
|---|---|
| WILLIAMS BROTHER, INC., a Nevada corporation; PEEK CONSTRUCTION COMPANY, a Nevada corporation, | |
| Counterclaimants, | |
| vs. | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, | |
| Counterdefendant. | |

On June 4, 2014, Travelers Casualty and Surety Company of America ("Travelers") filed its Motion for Order to Show Cause. (Doc. 406) The Court granted this motion on September 12, 2014 (Doc. 423). The Court issued an Order to Defendants Peek Construction Company, ECCL Holdings, LLC and BLC Nevada Trust ("Corporate Defendants") to appear and to show cause why a default judgment should not be entered against them and a judgment of dismissal of counterclaim entered against counterclaimant Peek Construction Company, for their failure to appear through counsel, as required by controlling Ninth Circuit authority, or to comply with the Court's April 10, 2014 order (Doc. 384) that would have permitted them to proceed without counsel under enumerated conditions.

The Court issued an Order to Defendants Michael Peek and Brenda Peek (Doc. 425) to appear and to show cause why they should not be held in contempt of court for their failure to file supplemental accountings including the information required by this Court's May 9, 2014 order (Doc. 399).

In addition, Travelers filed its Emergency Motion Re: Defendants' Violation Of Preliminary Injunction And Fraudulent Accounting Filed With This Court on 9/3/14 (Doc. 419) alleging that Michael Peek and Brenda Peek had failed to disclose a second bank account to the Court, and filed accountings that omitted both receipts and expenditures for May of 2014, in violation of this Court's prior orders. No response was ever filed to Travelers' Emergency Motion, and pursuant to Local Rule 7-2(c) the failure of an opposing

party to file points and authorities in opposition to a motion shall constitute a consent to the granting of the motion.

The return hearing on the two orders to show cause was set for and held on October 1, 2014, and Chad L Schexnayder appeared for Travelers Casualty and Surety Company of America ("Travelers"), and Michael Peek and Brenda Peek appeared pro per. At that time, Travelers and appearing Defendants were heard. Based upon all matters presented at the hearing, the papers filed, and the full record in this case,

IT IS HEREBY ORDERED

1) The Court previously entered a default judgment against Defendants Peek Construction Company, ECCL Holdings, LLC and BLC Nevada Trust ("Corporate Defendants") for their failure to retain counsel as ordered by the Magistrate Judge (Doc. 232, 06/18/13). This judgment was set aside upon Corporate Defendants' motion filed when represented by new counsel. (Doc. 270) Subsequently, Corporate Defendants second set of counsel was granted leave to withdraw. (Doc. 378) Defendants were directed to notify the Court of representation by April 7, 2014. Corporate Defendants failed to retain counsel. On April 10, 2014 (Doc. 384) this Court entered an order that would permit the Corporate Defendants to proceed without counsel, if two enumerated conditions were met, and if the conditions were not met, that "the court will proceed without representation of the subject corporations, and consider possible default or sanctions." Defendants have failed to comply with the conditions of this Court's April 10 order in the ensuing 5 months. Therefore, upon the filing of a Declaration by Travelers evidencing the current balance owed to it under the General Agreements of Indemnity (Dkt. 1, exh. A and B) the Court will enter judgment in favor of Travelers and against Defendants Peek Construction Company, ECCL Holdings, LLC and BLC Nevada Trust in the amount stated in said Declaration.

2) The Court previously dismissed the Counterclaim asserted by Defendants Williams Brother, Inc. and Peek Construction Company against Travelers Casualty and Surety Company of America. (Doc. 233, 06/18/13) The Court thereafter set aside the dismissal as to Counterclaimant Peek Construction Company only on August 26, 2013.

(Doc. 270)  Peek Construction Company's counsel was granted leave to withdraw (Doc. 378) and the corporate counterclaimant has failed to retain counsel.  The Court advised Peek Construction Company of the requirement to be represented by counsel to appear in federal court on multiple occasions, and most recently issued its Order to Show Cause to Peek Construction Company (Doc. 424) directing it to appear on October 1, 2014 and show cause why a judgment of dismissal of the counterclaim should not be entered against counterclaimant Peek Construction Company.  The Ninth Circuit has been consistent in affirming the general rule that a corporation may appear only through an attorney.  See *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).  Because the Counterclaimant failed to appear through counsel at the return hearing or to comply with this Court's April 10, 2014 order (Doc. 384), and failed to show cause why the counterclaim should not be dismissed, the Court will enter final judgment dismissing the counterclaim asserted by Peek Construction Company against Travelers Casualty and Surety Company of America with prejudice.

   3) The Court finds that defendants Michael Peek and Brenda Peek knowingly failed to comply with this Court's orders imposing upon them the obligation to identify all sources of funds received and expended, and to completely report all income and expense, in budgets and accountings ordered to be filed with the Court.  Michael Peek and Brenda Peek are found to be in contempt of this Court's injunction orders.  (Doc. 244, 304 and 399) The Court orders that Michael Peek and Brenda Peek shall file amended expenditure reports for January through August 2014 inclusive, which amended reports shall list the actual source of all funds expended, including those identified as "Income from CP Business" or ""Personal Cash Saving", by identifying the bank account from which the funds were transferred, or stating that the funds were taken from Peek's cash on hand.  This order shall also apply to all budgets or accountings filed after September 3, 2014.  In addition, the amended expenditure reports to be filed for the months of June 2014 and July 2014 shall include all amounts of income and expense, including but not limited to Bank of

America account ending in 6119.  These amended reports shall be filed no later than 14 calendar days after the date of this order.

In addition, Michael Peek and Brenda Peek shall each serve upon Travelers, within 14 calendar days of the date of this order, a dated personal financial statement, sworn to be true and correct under penalty of perjury, which shall include:

1) cash on hand

2) a listing of all bank accounts, to include account number and account balance, in which either Michael or Brenda Peek are the owner, or have signing authority, or into which either have made deposit or caused funds to be deposited, or have withdrawn funds or caused funds to be withdrawn, during calendar year 2014.

3) a listing of all entities or trusts in which Michael or Brenda Peek have an ownership interest, or are an officer, director, trustee or similar role, with a stated value of such interest.

4) A listing of all personal or real property in which Michael or Brenda Peek, or any entity described in 3) have an interest, including value and information sufficient to permit identification.  As to personal property, only individual items with a value over $500.00 need be described and valued individually.  Other personal property items may be identified by location, category description and category value.

5) A listing of any other property, holding, option, expectancy or any other item of value in which Michael or Brenda Peek have an interest, or in which any entities or trusts in which Michael or Brenda Peek have an ownership interest, or serve as an officer, director, trustee or similar position have an interest.

6) A listing of every creditor who holds a security interest in any disclosed asset, including the specific piece of property against which the lien is held, the date a lien was granted and the current dollar balance of the lien, and the manner in which lien interest was perfected.

The financial statements required to be served under this paragraph of this order are not required to be filed with the Court, unless and until some relief is requested from this Court related to such financial statement.  Michael and Brenda Peek shall file notice with the Court of their compliance with the financial statement service requirement.

4) The Court grants Travelers' Emergency Motion Re: Defendants' Violation Of Preliminary Injunction And Fraudulent Accounting Filed With This Court on 9/3/14 (Doc. 419).

5) The Court believes that an expeditious resolution of this case will best serve the interests of justice, the Court and the parties and will avoid further litigation over compliance with this Court's pre-trial injunctions.  The Court recently noted that discovery closed in this action on February 28, 2013, some 19 months ago.  Accordingly, there is no reason this case cannot be tried and concluded without further delay.  The Court sets trial in this matter on all remaining counts and claims for two days, commencing on  11/18/14 , 2014 at  9:00   a .m.  Travelers has requested and is allowed two hours to present its case in chief, and the balance of the time, to the extent required, is allocated to defendants Michael and Brenda Peek to present their defense, and to rebuttal and any opening or closing arguments of the parties.

The parties shall jointly prepare and file a brief pre-trial statement five court days prior to the commencement of trial, which shall: 1) identify all witnesses that party intends to call, 2) identify each individual exhibit that a party will offer to support its claim or defense, 3) a brief description of each claim or defense that the party will offer at trial, listing each witness and document that will be offered to support the particular claim or defense.  Any witnesses, exhibits, or claims or defenses not listed in the joint pre-trial will not be permitted to be presented by a party in its case in chief at trial.

DATED: _15 Oct 2014_

_____
The Honorable Lloyd D. George
United States District Court Judge